IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Helen F. Rivera aka Helen F. Bescript<br>German L. Rivera    Debtors | CHAPTER 13 |
| U.S. Bank National Association, as Trustee for the Pennsylvania Housing Finance Agency, pursuant to a Trust Indenture dated as of April 1, 1982<br>Movant<br>vs. | NO. 15-11730 JKF |
| Helen F. Rivera aka Helen F. Bescript<br>German L. Rivera    Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.    Trustee | |

## STIPULATION IN LIEU OF LITIGATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtors' residence is **$8,281.47**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 2015 and October 2015 at $680.00 |
| | November 2015 through July 2016 at $637.00 |
| Late Charges: | September 2015 through July 2016 at $14.77 |
| Fees & Costs Relating to Motion: | $1,026.00 |
| **Total Post-Petition Arrears** | **$8,281.47** |

2. Debtors shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtors shall tender a down payment of **$3,872.28.**

b). Beginning with the payment due August 1, 2016 and continuing through January 2017, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$637.00** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$734.86** towards the arrearages on or before the last day of each month at the address below;

PHFA
211 North Front Street
Harrisburg, PA 17101

c). Maintenance of current monthly mortgage payments to Movant thereafter.



3.  Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5.  The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.  If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.  The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.  The parties agree that a facsimile signature shall be considered an original signature.

Date: **July 20, 2016**    By:    /s/ *Joshua I. Goldman, Esquire*
Joshua I. Goldman, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 7-25-16

Michael A. Cataldo Esq.
Attorney for Debtors

Approved by the Court this 3rd day of August, 2016. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge, Jean K. Fitzsimon